# WILLIAM J. PAINTER v. S. E. DAVIS.[1]

January 13, 1911.

Nos. 16,850—(198).

**Bicycle struck by automobile — evidence.**

    The evidence was sufficient to justify the jury in finding that appellant was the owner of and an occupant of the automobile which collided with respondent. The trial court did not abuse its discretion in refusing to grant a new trial.

Action in the district court for Hennepin county to recover $7,000 for personal injuries caused by defendant negligently and unlawfully operating his automobile upon a city street in violation of the ordinances of Minneapolis. The answer was a general denial. The case was tried before Holt, J., and a jury which rendered a verdict for $500 in favor of plaintiff. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Keith, Evans, Thompson & Fairchild,* for appellant.

*Olof L. Bruce,* for respondent.

Lewis, J.

On the twenty-fifth of May, 1909, respondent was riding a bicycle on the right-hand side of First Avenue South, between Eighth and Ninth streets, in the city of Minneapolis. He had just passed around the left side of a team ahead of him, and resumed his course on the right-hand side of the street, when an automobile came rapidly up from behind, came in contact with his wheel, and threw him over, causing the injuries complained of.

Respondent testified that, although stunned and injured, he got up sufficiently to see the automobile going on down the street, and read the number, 671, and noticed that it was a four-seated red car, without a top, and contained one person. The teamster, who witnessed the accident, testified that he saw the automobile come diag-

[1]Reported in 129 N. W. 368.

onally across the street and run into respondent, throwing him over; that he also saw the number, 671, attached to the car, and noticed that the car was red and held but one person. Respondent, having ascertained that appellant was the owner of a car corresponding to the number and description of the one causing the accident, commenced this action against him for damages, and recovered a verdict for $500.

The only question before this court is the sufficiency of the evidence as to identification. Appellant was the owner of a four-seated open red car, such as described by respondent and the teamster. On the thirteenth of May, 1909, he had applied to the secretary of state for a number, and "671" was designated at that time as the number for his car. Appellant and his chauffeur both testified that the number was not received, nor put on the car, until after the date of the accident. Appellant admitted that he used the automobile during the morning of that day, but denied that he was on First Avenue South, and claimed that he never drove the car himself, but was always accompanied by his chauffeur, and some of his neighbors testified that they had never seen him drive the car himself. Both respondent and the teamster testified that the man in the car wore a cap and had gray hair, while appellant testified that he always wore a hat and never a cap. Respondent testified that the man in the car was large, had a round, full face, and that he thought he was the same man then in court.

That the machine causing the injury bore the number 671 is undisputed. Respondent made out a prima facie case by proving that number was designated for appellant's machine on the thirteenth of May, and whether the number was actually received by appellant and put on the machine after the twenty-fifth of May, or whether another machine with that number was the cause of the accident, were questions peculiarly for the trial court and jury. There was direct conflict in the evidence in some respects, although many of the differences may be accounted for on the ground of mistake, or inaccurate memory as to details. Appellant and his chauffeur may both be mistaken as to the date upon which he received and put the number on the car, and as to whether they were or were not on

First Avenue South on that particular forenoon. Appellant's car may have run into respondent's bicycle without his knowledge, if his attention was not fixed on what was in front of him; and, conversely, respondent and the teamster may have been mistaken as to the number of people in the car. The question was apparently carefully considered by the trial court, and, although probable that appellant had no knowledge of the collision, yet it is not at all improbable that the accident was caused by his car.

The evidence does not manifestly preponderate against the verdict, and we discover no abuse of discretion in refusing to grant a new trial.

Affirmed.

SIMPSON, J., took no part.

JAGGARD, J., dissents.